UNITED STATES DISTRICT COURT

WESTERN DIVISION, CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIANI LEWIS, on behalf of herself and all others similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS, INC., EXPEDITORS INTERNATIONAL, EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,<br><br>Defendant. | Case No. 2:18-cv-02871-VAP-(PJWx)<br><br>ASSIGNED FOR ALL PURPOSES TO DISTRICT JUDGE VIRGINIA A. PHILLIPS AND MAGISTRATE JUDGE PATRICK J. WALSH<br><br>**STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT** |

The Court recognizes that at least some of the documents and information ("Documents") being sought through discovery in the above-captioned action are, for competitive and/or privacy reasons, normally kept confidential. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential cost, price, marketing or other commercial information and/or may contain confidential personnel, payroll or contact information for current or former employees subject to privacy rights, as is contemplated by Federal Rule of Civil Procedure ("FRCP") 26(c). In addition, the parties have agreed to stipulate to protect certain privileged and otherwise protected Documents, data (including electronically stored information), and other information, including without

limitation, metadata, against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request or informal production. The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation and to afford the protection and facilitate the return of inadvertently produced documents and data pursuant to Federal Rule of Evidence ("FRE")502(d) and (e).

THEREFORE, this Order shall be entered pursuant to FRCP 26(c), governing the disclosure of Documents therein pertaining to "Confidential Information" or "Highly Confidential – For Counsel Only" on the terms set forth herein, and pursuant to FRE 502, governing the return of inadvertently produced Documents and affording them the protections of FRE 502 (d) and (e); and shall apply to the Documents produced as Protected Documents (defined below) by the parties, or any third party who is subpoenaed by one of the parties, pursuant to requests for discovery or otherwise in this lawsuit.

**DEFINITIONS**

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs; and collectively refers to Documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY".

2. The term "Disclosures" or "Discovery Material" shall mean Documents and things (whether or not embodied in any physical medium) exchanged during the lawsuit including, but not limited to, documents produced by the parties or nonparties (including electronic files and records), testimony taken at hearings, or other proceedings, deposition testimony, interrogatory answers, responses to requests for

production, and responses to requests for admission.

3. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

>HELENE WASSERMAN
>MIRANDA A. MOSSAVAR
>ALLAN G. KING, pro hac vice
>LITTLER MENDELSON, P.C.
>2049 Century Park East, 5th Floor
>Los Angeles, CA  90067-3107
>Telephone:  (310) 553-0308
>
>TARA L. PRESNELL
>LITTLER MENDELSON, P.C.
>1255 Treat Boulevard, Suite 600
>Walnut Creek, CA  94597
>Telephone:  (925) 932-2468
>
>BRITNEY N. TORRES
>LITTLER MENDELSON, P.C.
>500 Capitol Mall, Suite 2000
>Sacramento, CA  95814
>Telephone:  (916) 830-7200
>
>Attorneys for Defendant, EXPEDITORS INTERNATIONAL
>OF WASHINGTON, INC., sued by its correct name and also erroneously as
>EXPEDITORS, INC. and EXPEDITORS INTERNATIONAL
>
>CARNEY R. SHEGERIAN
>ANTHONY NGUYEN
>CHERYL A. KENNER
>SHEGERIAN & ASSOCIATES, INC.
>225 Santa Monica Boulevard, Suite 700
>Santa Monica, California 90401
>Telephone Number: (310) 860-0770
>
>Attorneys for Plaintiff, KIANI LEWIS, on behalf of herself and all others

similarly situated and aggrieved.

4. The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the above-captioned case.

5. The term "Protected Document" shall mean any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection.

**GENERAL RULES**

4. Each party to this litigation that produces or discloses any Discovery Material, trial testimony, and transcripts of trial testimony, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information would invade privacy rights of current or former employees, could be potentially prejudicial to the business or operations of such party, including but not limited to protection of customer information, such as: customer names; customer preferences; shipping lanes; product launches; account transition information; and strategies of prospective, current, and past customers, related subsidiaries, and joint venture partners.

    b. Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to non-public, trade secret or other proprietary or other highly confidential business, financial, regulatory, or strategic information, the disclosure of which would create a substantial risk of competitive or business injury, such as (but not limited to) highly confidential

1  customer information, including customer rates and quotes to customers.

2       5.     In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Documents produced shall be considered as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Documents for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those Documents to the inspecting party, mark the copies that contain Confidential Information with the appropriate confidentiality marking.

     6.     Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

     a.     said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY;"

     b.     the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

     c.     the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party and by Experts under the condition set forth in this Paragraph. The right of any Expert to receive any information designated "CONFIDENTIAL - FOR COUNSEL ONLY" shall be subject to the Expert first signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9. Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Executives and managerial personnel who are required to participate in policy or other management decisions with reference to this action;

(b) Experts;

(c) Technical personnel of the parties with whom counsel for the parties find it necessary to consult (e.g., professional jury or trial consultants, mock jurors, and professional vendors), in the discretion of such counsel, in preparation for trial of this action;

(d) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(e) During their depositions, witnesses, and attorneys for witnesses, in this action to whom disclosure is reasonably necessary;

(f) Stenographic and clerical employees associated with the individuals

identified above;

(g) A third party administrator and employees of such administrator that the parties may agree to use to coordinate communications and/or notices to putative or actual members of the class; and

(h) Any mediator or settlement officer and that officer's supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

10. With respect to material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator or author, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any Discovery Materials are produced or other Documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal by submitting a written application and follow the procedures outlined in L.R. 79-5.2 and the Court's "Guide to Electronically Filing Under-Seal Documents in Civil Cases."

13. At any stage of these proceedings, any party may object to a confidentiality designation. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to Documents and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Documents at issue shall be treated as Confidential

Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information shall be held in confidence by those inspecting or receiving it and shall be used only for purposes of this action. Counsel for each party and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. CLAWBACK AGREEMENT. Pursuant to FRE 502(d) and (e), the parties

agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

    (a) The disclosure or production of Protected Documents (*i.e.*, Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine) by a producing party to a receiving party shall in no way constitute the voluntary disclosure of such Document.

    (b) The inadvertent disclosure or production of any Protected Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

    (c) If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be a Protected Document subject to a legally recognizable privilege or evidentiary protection:

        (i) the receiving party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the producing party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database. Where

such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding, the receiving party is under no obligation to search or review the producing party's Documents to identify potentially privileged or work product Protected Documents.

(ii) If the producing party intends to assert a claim of privilege or other protection over Documents identified by the receiving party as Protected Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a party determines it has produced a Protected Document:

(i) the producing party may notify the receiving party of such inadvertent production in writing and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents

that is consistent with the requirements of the FRCP Rule 26(b)(5), setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the Document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

        (ii) The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

    (e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs (c)(ii) and d(i), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

    (f) The receiving party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

        (i) the disclosure or production of the Protected Documents acts as

a waiver of an applicable privilege or evidentiary protection;

    (ii) the disclosure of the Protected Documents was not inadvertent;

    (iii) the producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    (iv) the producing party failed to take reasonable or timely steps to rectify the error pursuant to FRCP 26(b)(5)(B), or otherwise.

  (g) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's Order.

  (h) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

  (i) Nothing contained herein is intended to, nor shall serve to limit a party's right to conduct a review of Discovery Materials and other Documents, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

  (j) By operation of the parties' agreement and this Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

18. Nothing herein shall prejudice the right of any party to object to the production of any Discovery Material on the grounds that the material is protected as privileged or as attorney work product.

19. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation or impair or preclude any party from introducing or offering admissible evidence in consideration of any pre-trial motion or at any deposition, hearing or trial, subject to whatever reasonable limitations the Court may deem necessary to protect or preserve the legitimate concerns of a designating party, provided that the contents of the Documents shall not be disclosed.

20. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Upon final termination of this action, including any and all appeals, counsel for each party shall, within 14 business days of a request made by the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

23. The restrictions and obligations set forth herein shall not apply to any information that:

    a. the parties agree should not be designated Confidential Information;

b. the parties agree, or the Court rules, is already public knowledge;

c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

d. has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24. Transmission by email is acceptable for all notification purposes herein.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED.

DATED: October 17, 2018  _____

HON. PATRICK J. WALSH

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Kiani Lewis, et al. v. Expeditors, Inc., et al.*, USDC Case No. 2:18-cv-02871-VAP-(PJWx). I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order, and I understand and acknowledge that failure so to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will keep confidential and will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____, as my California agents for service of process in connection with this action or any proceeding related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____